UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BELLOW                                    CIVIL ACTION

VERSUS                                    NO: 12-1529

BOARD OF SUPERVISORS OF                   SECTION: "J"(3)
LOUISIANA STATE UNIVERSITY
AND AGRICULTURAL AND
MECHANICAL COLLEGE ET AL.

**ORDER AND REASONS**

Before the Court are Defendants' **Motion to Dismiss (Rec. Doc. 6)**, Plaintiff's opposition to same **(Rec. Doc. 7)**, and Defendants' reply thereto **(Rec. Doc. 10)**. Defendants' motion was set for hearing on December 5, 2012, on the briefs, without oral argument. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that Defendants' motion should be **GRANTED in part** and **DENIED in part** for the reasons set out more fully below.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

This action arises out of claims for monetary damages and equitable relief under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, the Americans with Disabilities Act, 42

1

U.S.C. § 12101 *et seq.*, and the Louisiana Disability Discrimination Act, La. R.S. § 23:322 *et seq*. On June 15, 2012, Plaintiff, Kristie Bellow ("Ms. Bellow"), filed this action naming as Defendants the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (the "Board") and Kim Edward Leblanc ("Mr. Leblanc").

In her complaint, Plaintiff alleges that the Board is "an Institution of Higher Education owned and operated by the State of Louisiana." Compl., Rec. Doc. 1, p. 1, ¶ 1. Plaintiff asserts that the Board "owned and operated the LSU Health Sciences Center" where Plaintiff was employed from August 4, 2008 until July 18, 2010. Compl., Rec. Doc. 1, p. 1, ¶ 1. Plaintiff further avers that Mr. Leblanc was an employee of the LSU Health Sciences Center ("Health Sciences Center") and that, at all times pertinent to the complaint, he was also her supervisor.

Plaintiff asserts that in April 2010 she was diagnosed with a facial tumor which required surgical removal. Plaintiff reports that, thereafter, she completed the required Family and Medical Leave Act ("FMLA") paperwork and took approximately eight weeks of leave to have the tumor removed. Plaintiff alleges that when she returned to work on June 14, 2010, she found that her parking card and identification pass would not work. Furthermore,

Plaintiff alleges that three days later, on June 18, 2010, she was informed that her last day would be July 18, 2010. Plaintiff contends that she was terminated, in part, for taking FMLA leave and that Mr. Leblanc "personally signed [her] separation letter and personally made the decision to terminate her." Compl., Rec. Doc. 1, p. 2, ¶ 6. In addition, Plaintiff asserts that the Health Sciences Center took action against her "because of her perceived or actual disability, or because of the reaction of others to her condition," thereby, violating the American with Disabilities Act ("ADA") and Louisiana Revised Statute § 23:322.[1] Plaintiff seeks monetary damages as well as reinstatement, "[a]ll equitable relief deemed just and proper by this Court," and "[a]ll other statutory remedies available." Compl., Rec. Doc. 1, p. 4, ¶ 6.

Defendants filed the instant Motion to Dismiss on October 11, 2012. Plaintiff responded in opposition on November 27, 2012. Defendants replied on December 3, 2012.

## THE PARTIES' ARGUMENTS

Defendants argue that Plaintiff has failed to state a claim upon which relief can be granted because (1) Plaintiff's claims under Louisiana law are prescribed; (2) sovereign immunity bars

---

[1] In her complaint, Plaintiff reports that her surgeon was only able to remove some of the mass that was located on her face; therefore, some of the mass remained. Compl., Rec. Doc. 1, p. 3, ¶ 8.

3

Plaintiff's FMLA and ADA claims against the Board; and (3) qualified immunity bars Plaintiff's FMLA claims against Mr. Leblanc. First, Defendants assert that Plaintiff's state law claims are prescribed. Specifically, Defendants contend that the prescriptive period for claims brought under Louisiana Revised Statute § 23:322 is one year, commencing on the day that the termination occurred. Defendants assert that the statute allows prescription to be suspended during the pendency of any administrative review; however, Defendants report that the suspension shall not last longer than six months. Thus, Defendants explain that the maximum time allotted for filing a suit under the statute is one year and six months. Defendants argue that Plaintiff was terminated on July 18, 2010, her last day working for the Health Sciences Center, and that Plaintiff filed suit on June 15, 2012, one year and approximately eleven months later. Therefore, Defendants contend that Plaintiff's claim is prescribed on its face.

In addition, Defendants also argue that the Board is an arm of the state and, therefore, it is immune from suits for damages under both the FMLA and the ADA. In particular, Defendants assert that the United States Supreme Court has determined that Congress did not validly abrogate the states' sovereign immunity from suit

4

when it enacted the ADA and subsection D of the FMLA, the section pertinent to Plaintiff's claims. Therefore, Defendants contend that Plaintiff cannot bring suit against the Board under these federal laws.

Lastly, Defendants argue that Plaintiff's FMLA claims against Mr. Leblanc are barred by qualified immunity. In making this argument, Defendants assert that there is a circuit split, as well as a split within Fifth Circuit jurisprudence, on the issue of whether or not government employees may be held personally liable for conduct under the FMLA. Therefore, Defendants argue that Mr. Leblanc cannot be held liable under the FMLA, because the law in this area is not clearly established. Specifically, Defendants assert that the test for qualified immunity is two-fold. First, Plaintiff must allege a "violation of a clearly established [statutory] or constitutional right." Defs.' Mot. to Dismiss, Rec. Doc. 6-2, p. 8 (alteration in original). Second, Plaintiff must show that if a statutory or constitutional right was violated, "the conduct of the defendant was objectively unreasonable in light of that clearly established law." Defs.' Mot. to Dismiss, Rec. Doc. 6-2, p. 8. Thus, Defendants contend the split in the law on whether government employees can be sued in their individual capacities prevents

Plaintiff from suing Mr. Leblanc, because it would not have been clear to Mr. Leblanc at the time of Plaintiff's alleged termination that he could be held personally liable. As such, Defendants assert that Mr. LeBlanc is immune from suit. In addition, Defendants also advocate for this Court to adopt the interpretation of FMLA subsection D presented by the Sixth and Eleventh Circuits, which holds that public employees are not considered to be "employers" for the purposes of the FMLA when sued in their individual capacities. In doing this, Defendants essentially request that the Court respectfully disagree with the interpretation of this section of the FMLA presented by the Fifth Circuit in Modica v. Taylor, 465 F.3d 174, 185 (5th Cir. 2006). Defendants imply that disagreeing with the Fifth Circuit's decision in Modica would be proper because the holding would be in line with the reasoning of a recent Supreme Court case, Coleman v. Court of Appeals of Maryland, 132 S. Ct. 1327 (2012), and because it is also in line with an earlier Fifth Circuit panel decision, Kazmier v. Widmann, 225 F.3d 519 (5th Cir. 2000), both of which held that Congress did not abrogate states' Eleventh Amendment immunity when enacting subsection D of the FMLA.

In response, Plaintiff concedes that this Court must dismiss

6

her ADA, FMLA, and state law claims against the Board under the doctrine of sovereign immunity. While Plaintiff does not concede that her state law claims against Mr. Leblanc are prescribed, she offers no argument in opposition to Defendants' contention. Instead, Plaintiff's opposition focuses solely on her claims against Mr. Leblanc under the FMLA and the ADA. In particular, Plaintiff asserts that Mr. Leblanc is subject to suit under the long-standing Supreme Court doctrine of Ex Parte Young, 209 U.S. 123 (1907), and/or because he does not receive qualified immunity.

Plaintiff asserts that in Ex Parte Young, the Supreme Court created an exception to the states' Eleventh Amendment immunity, which applies when a plaintiff is seeking an injunction against a public officer sued in his or her official capacity. Plaintiff contends that under this doctrine, federal courts may prospectively enjoin state officials from engaging in conduct that is in violation of federal law. Plaintiff argues that she sued Mr. Leblanc "as a state official who [acted] in his official capacity," and that she seeks injunctive relief. Pl.'s Opp., Rec. Doc. 7, p. 5. Therefore, Plaintiff asserts that she can circumvent the Defendants' sovereign immunity arguments and sue Mr. Leblanc under both the ADA and the FMLA, pursuant to the Ex

Parte Young doctrine.

Furthermore, with regard to Defendants' qualified immunity arguments, Plaintiff asserts that there is no "split" in Fifth Circuit precedent regarding whether or not a government employee can be sued in his or her individual capacity for a violation of the FMLA. Plaintiff contends that Modica v. Taylor is the Fifth Circuit's most recent decision on this issue, and that the Modica court clearly held that the Fifth Circuit "join[s] those courts that hold that public employees are subject to individual liability under the FMLA." Pl.'s Opp., Rec. Doc. 7, p. 8 (quoting Modica, 465 F.3d at 187) (alterations in original). Therefore, Plaintiff argues that this had been clearly established law for at least four years prior to Plaintiff's termination, and that Mr. Leblanc may be subject to suit as a public employee sued in his individual capacity. Plaintiff asserts that because Modica makes it clear that a public employee may be held individually liable under the FMLA, under the two-step qualified immunity analysis, the only remaining question is one of reasonableness. Plaintiff argues that the complaint clearly pleads that Mr. Leblanc personally made the decision to terminate Plaintiff primarily because he would have preferred that she not take FMLA leave at the time that she took it. Plaintiff argues that because

8

this decision is clearly in contravention of the law, it is objectively unreasonable, and Mr. Leblanc is not immune from suit.

In addition, Plaintiff also states that her ADA claims against Mr. Leblanc should not be dismissed, because Defendants failed to specifically move for their dismissal in their original motion. Plaintiff also argues that public officials may be held individually liable for violations of the ADA.

In reply, Defendants argue that on the face of Plaintiff's complaint, Plaintiff only asserted claims against Mr. Leblanc under the FMLA, not the ADA. Therefore, Defendants contend that Plaintiff's argument with respect to the ADA is without merit. Alternatively, Defendants argue that even if Plaintiff had asserted a claim against Mr. Leblanc under the ADA, it would fail because Mr. Leblanc is not an employer subject to liability under the ADA. Defendants contend that under the ADA, public officers may not be held personally liable because they do not meet the statutory definition of employer. Moreover, Defendants contend that Plaintiff has no ADA cause of action against Mr. Leblanc in his official capacity because (1) he was never sued in his official capacity, and (2) Plaintiff "never mention[ed] the words injunctive or declaratory relief in her complaint." Defs.' Reply,

Rec. Doc. 10, p. 2. With regard to this last argument, Defendants argue that this applies to Plaintiff's FMLA claims as well.  In addition, Defendants contend that the <u>Ex Parte Young</u> doctrine does not apply to Plaintiff's FMLA claims against Mr. Leblanc because Congress has created a specific remedial scheme for the statute. Defendants assert that Supreme Court precedent holds that <u>Ex Parte Young</u> will not apply where a statute provides a remedial scheme. Lastly, Defendants reassert their arguments that the law regarding Section D of the FMLA is not clear, pointing specifically to a 2008 decision of the Fifth Circuit, <u>Nelson v. University of Texas at Dallas</u>, 535 F.3d 318 (5th Cir. 2008), in which the court states that <u>Kazmier</u> is the law of the circuit with  respect to FMLA subsection D.

## DISCUSSION

### A.   Legal Standard

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." <u>Dura Pharm., Inc. v. Broudo</u>, 544 U.S. 336, 346 (2005).  The allegations "must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1).

10

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232-33 (5th Cir. 2009); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. Iqbal, 556 U.S. at 678.

**B.  Sovereign Immunity and Plaintiff's ADA, FMLA, and State Law Claims Against  All Defendants**

The Eleventh Amendment bars states from being sued in federal court by citizens of other states or foreign nations. U.S. CONST. amend. XI. Furthermore, the Supreme Court has held that the Eleventh Amendment, as well as broad notions of sovereign immunity inherent within the federal system, shield states from suits by its own citizens. See Hans v. Louisiana, 134 U.S. 1 (1890). Nevertheless, despite these protections, the

Supreme Court has found that there are exceptions to a state's immunity from suit. In particular, the doctrine of Ex Parte Young holds that a plaintiff may sue a government entity by naming a governmental officer as the defendant, and by seeking prospective declaratory or injunctive relief. Ex parte Young, 209 U.S. 123 (1908); Saltz v. Tennessee Dept. of Employment Sec., 976 F.2d 966, 968 (5th Cir. 1992) (explaining the doctrine of Ex Parte Young). This doctrine is built upon the notion that "acts by state officials which are contrary to federal law cannot have been authorized or be ratified by the state; and suits seeking to enjoin such wrongful and unauthorized acts are not suits against the state." Saltz, 976 F.2d at 968. In order to prevail under Ex Parte Young, a plaintiff must show that they have (1) brought a suit against an individual person in their official capacity as state agent, and that (2) the relief sought is injunctive or declaratory. Id. The Supreme Court has explained that official capacity suits attempt to sue the government entity by naming the government officer as the defendant. See Hafer v. Melo, 502 U.S. 21, 25 (1991) (explaining that official capacity suits are simply another way of pleading an action). A personal capacity suit, on the other hand, "seeks to impose individual liability upon government officers for actions taken under color of law." Id.

With regard to the requirement that the plaintiff seek injunctive or declaratory relief, the United Stats Fifth Circuit Court of Appeals has held that reinstatement qualifies as injunctive relief under the Ex Parte Young doctrine. Nelson, 535 F.3d at 322.

As an initial matter, the Court notes that Plaintiff has conceded that the doctrine of sovereign immunity bars her ADA, FMLA, and state law claims against the Board. Therefore, while Court will not address the Defendants' arguments on those points, it does find that Plaintiff's claims against the Board should be dismissed with prejudice. Accordingly, the Court now moves on to Plaintiff's Ex Parte Young argument.

Plaintiff has asserted that she may maintain her suit against Mr. Leblanc because she has met the requirements under the Ex Parte Young doctrine; namely, she has (1) sued Mr. Leblanc in his official capacity, and (2) she has requested injunctive relief. The Court finds that as currently pleaded, Plaintiff's argument fails. While Plaintiff has effectively requested injunctive relief (reinstatement),[2] her complaint does not demonstrate that she has sued Mr. Leblanc in his capacity as an

---

[2] Compl., Rec. Doc. 1, p. 4, ¶ 12 ("d. Reinstatement or, in the alternative, front pay;").

agent of the state. In particular, the Court notes that the caption of Plaintiff's complaint only references Mr. Leblanc as an individual, rather than also including his official government position. Compl., Rec. Doc. 1, p. 1. Likewise, a reading of the entire complaint reveals that Mr. Leblanc's official title/position are never pleaded. Furthermore, in the first paragraph of Plaintiff's complaint, in which Plaintiff names the Defendants, she only references Mr. Leblanc as an individual, specifically stating that he was "personally responsible" for her termination, not that he was responsible in any official capacity.[3] Therefore, the Court finds that Plaintiff has failed to plead an exception to sovereign immunity under the Ex Parte Young doctrine. As such, Plaintiff has no ADA, FMLA, or state law claims against Mr. Leblanc in his official capacity. Nevertheless, because it appears that this defect might be easily remedied through amendment, Plaintiff will be granted leave to amend her complaint with respect to this issue.[4]

---

[3] Compl., Rec. Doc. 1, p. 1, ¶ 1. Plaintiff also states that Mr. Leblanc was "personally responsible" in the sixth paragraph of the complaint when describing how and why he violated the FMLA. Compl., Rec. Doc. 1, pp. 2-3, ¶ 6.

[4] Because the Court has determined that Plaintiff's complaint fails on its face, it will not address Defendants' additional arguments with regard to the ADA and FMLA remedial schemes. In particular, the Court notes that Defendant raised these arguments for the first time in its reply brief. They were addressed only briefly, and Plaintiff has not responded. Therefore, n light of the limited development of this argument and the status of Plaintiff's pleadings, the Court will not address this argument at this time.

14

C.   **Qualified Immunity and Plaintiff's FMLA Claims Against**
     **Mr. Leblanc (Personal Capacity)**

The Fifth Circuit explained the framework for determining whether or not qualified immunity immunizes a public official from suit in <u>Modica v. Taylor</u>. The court stated that,

> [t]he doctrine of qualified immunity immunizes government officials acting within their discretionary authority from civil damages if their conduct does not violate clearly established statutory or constitutional law of which a reasonable person would have known. *Hernandez ex rel. Hernandez v. Tex. Dep't of Protective & Regulatory Servs.*, 380 F.3d 872, 879 (5th Cir. 2004). The qualified immunity determination is a two-step inquiry. First, the court must decide whether a plaintiff's allegations, if true, establish a violation of a clearly established right. *Id.* Second, if the plaintiff has alleged a violation, the court must then decide whether the conduct was objectively reasonable in light of clearly established law at the time of the incident. *Id.* Even if the government official's conduct violates a clearly established federal right, the

official is nonetheless entitled to qualified immunity

if her conduct was objectively reasonable. *Id.*

Modica, 465 F.3d at 179. In discussing what constitutes a "clearly established right," the Supreme Court has stated that public officials can be held liable as long as they were given "fair warning" that their conduct was impermissible. Hope v. Pelzer, 536 U.S. 730, 741 (2002); see also Anderson v. Creighton, 483 U.S. 635, 640 (1987) ("[T]he right the official is alleged to have violated must . . . be sufficiently clear that a reasonable official would understand that [his actions] violate[] that right. [The action does not have to have]  previously been held unlawful, [but rather] in the light of pre-existing law the unlawfulness must be apparent."(citations omitted)). The plaintiff bears the burden of demonstrating that a public official is not immune from suit.  Modica, 465 F.3d at 179 (citations omitted).

Consequently, in addressing the parties' qualified immunity arguments with regard to the FMLA, the first question that this Court must answer is: Do Plaintiff's allegations establish a violation of a clearly established right under the FMLA? The Court finds that they do. In making this finding, the Court looks

16

to the Fifth Circuit's decision in <u>Modica v. Taylor</u>.

In <u>Modica</u>, the Fifth Circuit considered the question of whether a public officer could be held liable in his or her individual capacity under the FMLA. <u>Id.</u> at 183. In that case, just as in this case, the defendant argued that pursuant to the Fifth Circuit's decision in <u>Kazmier v. Widmann</u>, plaintiffs were not permitted to sue public officials in their individual capacities under the FMLA. <u>Id.</u> In response, the court noted that defendant's argument was "misplaced," and that "[a]s a general rule the Eleventh Amendment does not bar suits against officers in their individual capacities." <u>Id.</u> The court went on to explain that the <u>Kazmier</u> court's holding with regard to the immunity of public officials was limited to the facts of that case, and that any "application of the [Eleventh] [A]mendment to suits against state officials in their individual capacity depends on the circumstances." <u>Id.</u> (alterations in original). The court further explained that even if <u>Kazmier</u> had held that public officials could not be sued in their individual capacity under the FMLA, because a previous Fifth Circuit panel decision, <u>Hudson v. City of New Orleans</u>, 174 F.3d 677 (5th Cir. 1999), had clearly established that the Eleventh Amendment does not bar suits against public officials sued in their individual capacities, the

court would be bound to follow that decision instead. <u>Id.</u> (quoting <u>H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.</u>, 227 F.3d 326, 330 (5th Cir. 2000) ("When panel opinions appear to conflict, we are bound to follow the earlier opinion.")). Accordingly, the court proceeded to evaluate the merits of defendant's claim that public employees may not be sued in their individual capacity under the FMLA because they did not fit the definition of "employer" for the purposes of the FMLA. <u>Id.</u> at 184. Ultimately, the <u>Modica</u> court determined that public officials (1) *did* meet the definition of employer provided in the FMLA, and that (2) the "plain language of the FMLA permits public employees to be held individually liable." <u>Id.</u> at 186-87.

After examining the Fifth Circuit's holding in <u>Modica</u>, frankly, the Court is perplexed by the argument that Defendants have made with regard to qualified immunity. The <u>Modica</u> court not only directly addressed the exact question at issue in this case, but it also clearly distinguished the <u>Kazmier</u> case that Defendants contend "muddies" the law in this area. Furthermore, an examination of the other cases that Defendants rely on in making their argument, specifically <u>Coleman v. Court of Appeals of Maryland</u> and <u>Nelson v. University of Texas at Dallas</u>, reveals that those courts did not even address the question of qualified

immunity under the FMLA. In Coleman, the Supreme Court addressed the question of whether or not Congress had abrogated a state's sovereign immunity when promulgating FMLA subsection D. See 132 S. Ct. at 1332 ("The question in this case is whether a state employee is allowed to recover damages from the *state entity* that employs him by invoking one of the provisions of [the FMLA]."(emphasis added)). Nelson addressed the same question.[5] While both cases found that Congress did not abrogate the states' sovereign immunity in promulgating FMLA subsection D, neither court made any findings with respect to qualified immunity and the ability of a plaintiff to sue a public official in his or her individual capacity.[6] Because the qualified immunity of a public

---

[5] See 535 F.3d at 320-21 ("Before reaching the merits of this appeal, we first pause to make clear that Nelson's FMLA claim [under subsection D] is, in fact subject to an Eleventh Amendment immunity defense."). It should also be noted that after addressing this question, the court also considered whether or not reinstatement qualified as "injunctive relief" under the doctrine of Ex Parte Young. Id. at 321- 24. Incidentally, the court found that it did. Id. at 324.

[6] Defendants also make the argument that because Congress did not abrogate the states' sovereign immunity when it promulgated subsection D of the FMLA, no state employee has a federally protected statutory right under subsection D of the FMLA. Thus, they contend the first prong of the qualified immunity test is not met. The Court notes that prior to the Supreme Court's decision in Coleman, the Fifth Circuit had already made that same finding in Kazmier. Nevertheless, when deciding Modica in Kazmier's wake, the Fifth Circuit did not even entertain the idea that the statutory rule in the FMLA was not established at the time that the plaintiff in that case filed suit. See Modica, 465 F.3d at 187 ("[Defendant] argues that is was not clear whether [her public agency] was subject to the FMLA . . . . We are not persuaded. . . . All public agencies are covered by FMLA."(quotations omitted)). Rather, the Fifth Circuit focused on the fact that it was not clearly established whether or not an employee of a public agency could be held individually liable. Id. In Modica, the  court found that as of 2003, an employee's individual liability was not clearly established. Id. at 187-88. Unfortunately for the Defendant in this case, post-Modica, this Court cannot

official is a separate question from the sovereign immunity of a state, it appears to the Court that Defendants have tried to create a legal argument where there is none to be made and, furthermore, that any finding by this Court that Defendants' arguments have merit would fly in the face of clearly defined Fifth Circuit precedent. As such, the Court finds that Plaintiff has sufficiently carried her burden in proving that at the time of her alleged termination in 2010, her right to statutory leave under the FMLA was clearly established, and that Mr. Leblanc had "fair warning" as of 2008 that any violation of that right could result in individual liability.

Next, the Court considers the question of whether Mr. Leblanc's conduct was "objectively reasonable in light of clearly established law." See Modica, 465 F.3d at 179. Aside from Defendants' argument regarding the lack of clarity in the law, which this Court has rejected, Defendants have not proffered any argument on this point. Plaintiff, however, has asserted that Mr. Leblanc terminated her because he did not wish for her to take her statutory FMLA leave at the time that she took it. Compl., Rec. Doc. 1, p.  2, ¶ 6 ("The real reason Bellow was terminated

_____

say the same.

was, at least in part, that she had found it necessary to take FMLA leave at a time her employer would have much preferred her to work. . . . [Mr. Leblanc] . . . personally made the decision to terminate her while she was away on federally protected FMLA leave."). Accepting this statement as true for present purposes, this Court cannot say that Mr. Leblanc's decision to terminate Plaintiff was reasonable. Therefore, the Court finds that Plaintiff has met her burden as to the second prong of the qualified immunity test. Accordingly, Plaintiff has plausibly stated a claim for relief against Mr. Leblanc in his personal capacity under the FMLA.

**D. Plaintiff's ADA Claims Against Mr. Leblanc (Personal Capacity)**

First, the Court notes that it finds merit with Defendant's argument that Plaintiff has failed to state an ADA claim against Mr. Leblanc in his individual capacity. A plain reading of the complaint reveals that at no point in Plaintiff's discussion of her ADA claim does she mention Mr. Leblanc, much less allege that he personally discriminated against her for her alleged disability. Compl., Rec. Doc. 1, p. 3, ¶¶ 7-11. Therefore, this

21

Court finds that Plaintiff has no ADA claim against Mr. Leblanc.[7]

Second, the Court also agrees with the Defendants' assertion that a public official cannot be held individually liable under the ADA. Although the Fifth Circuit has not specifically ruled on individual liability under the ADA, it has explained "that individuals who do not otherwise qualify as 'employers,' as a sole proprietor would, cannot be held individually liable under Title VII of the Civil Rights Act of 1964 ("Title VII")." Starkman v. Evans, 18 F. Supp. 2d 630, 632 (E.D. La. 1998) (citing Grant v. Lone Star Co., 21 F.3d 649 (5th Cir. 1994)), aff'd,198 F.3d 173 (5th Cir. 1999). Likewise, the Fifth Circuit has also found that the Age Discrimination in Employment Act ("ADEA") does not provide relief against supervisors who are sued in their individual capacities. Stults v. Conoco, Inc., 76 F.3d 651, 655 (5th Cir. 1996). "As the 'ADA's definition of 'employer' mirrors the definitions of 'employer' in Title VII and in the ADEA, individuals who do not meet the statutory definition of 'employer' cannot be held liable in their individual capacities under the employment provisions of the ADA.'" Starkman, 18 F.

---

[7] Such a finding would likewise preclude this Court from finding that Plaintiff has stated a state law claim against Mr. Leblanc under Louisiana Revised Statute § 23:322, as the statutes are addressed together in Plaintiff's complaint. However, since the Court ultimately finds that Plaintiff's claims under this statute are prescribed, it will not address the state law claims in any further detail in this section. See infra section E.

Supp. 2d at 632 (quoting <u>Kacher v. Houston Cmty. Coll. Sys.</u>, 974 F. Supp. 615, 618 (S.D. Tex. 1997)); <u>see also</u> <u>Mason v. Stallings</u>, 82 F.3d 1007, 1009 (11th Cir. 1996); <u>U.S. EEOC v. AIC Sec. Investigations, Ltd.</u>, 55 F.3d 1276, 1282 (7th Cir. 1995). Consequently, even if the Plaintiff had asserted a claim against Mr. Leblanc, he would not be able to be held individually liable under the ADA.

### E.  Prescription and Plaintiff's State Law Claims Against Mr. Leblanc

Although the Plaintiff has failed to successfully plead that Mr. Leblanc violated Louisiana Revised Statute § 23:322, for the sake of clarity, the Court finds it necessary to address Defendants' prescription arguments. The prescriptive period for claims brought under Louisiana Revised Statute § 23:322 is one year. LA. R.S. § 23:303(d). Prescription under the statute commences on the day that the termination occurred. While the statute allows prescription to be suspended during the pendency of any administrative review, such a suspension shall not last longer than six months. LA. R.S. § 23:303(d). Therefore, the total amount of time that a plaintiff has to bring a claim under Louisiana Revised Statute 23:322 is eighteen months. Plaintiff was terminated on July 18, 2010, her last day working for the

Health Sciences Center. Plaintiff filed suit on June 15, 2012, approximately twenty-three months later. Therefore, Plaintiff's state law claim against Mr. Leblanc is prescribed on its face.[8] Accordingly,

IT IS HEREBY ORDERED that Defendants' motion is GRANTED in part and DENIED in part.

With respect to Plaintiff's ADA, FMLA, and state law claims against the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, IT IS ORDERED that Defendants' motion is GRANTED and that all of Plaintiff's claims against the Board are DISMISSED with prejudice.

With respect to Plaintiff's state law claims against Kim Edward Leblanc in his personal and official capacity, IT IS ORDERED that Defendants' motion is GRANTED and that Plaintiff's claims are DISMISSED with prejudice.

With respect to Plaintiff's ADA claims against Kim Edward Leblanc in his personal capacity, IT IS ORDERED that Defendants' motion is GRANTED and that Plaintiff's claim is DISMISSED with prejudice.

With respect to Plaintiff's FMLA and ADA claims against Kim

---

[8] It should be noted that this analysis also applies to any state law claims raised by Plaintiff against the Board. As such, those claims are also prescribed and dismissed with prejudice.

Edward Leblanc in his official capacity, **IT IS ORDERED** that Defendants' motion is **GRANTED** and that Plaintiff's claims are **DISMISSED without prejudice**. However, because it appears that the defects in Plaintiff's pleading can be cured by amendment, Plaintiff is **GRANTED** leave to amend her pleading as to these claims in accordance with this Order. Plaintiff must submit an amended complaint to this Court within twenty-one (21) days of entry of this Order. Failure to amend Plaintiff's complaint within the required period will result in dismissal of these claims with prejudice.

With respect to Plaintiff's FMLA claim against Kim Edward Leblanc in his personal capacity, the Court finds that Plaintiff has sufficiently stated a claim. Accordingly, **IT IS ORDERED** that Defendants' motion is **DENIED**. Consequently, pending further amendment in accordance with this Order, the only remaining claim in the above-captioned matter is Plaintiff's FMLA claim against Kim Edward Leblanc in his individual capacity.

New Orleans, Louisiana this 21st day of December, 2012.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

25