UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BELLOW                                              CIVIL ACTION

VERSUS                                              NO: 12-1529

BD. OF SUPERVISORS OF                               SECTION: "J" (3)
LOUISIANA STATE UNIV. AND
AGRICULTURAL MECHANICAL
COLLEGE, et al

### ORDER & REASONS

Before the Court is Plaintiff's **Motion to Disqualify the Attorney General for the State of Louisiana (Rec. Doc. 21)** and Defendant's opposition thereto (Rec. Doc. 28). The motion was set for hearing on January 15, 2014, on the briefs.[1] Having considered the motions and memoranda of counsel, the record, and the applicable law, the Court finds that Plaintiff's motion must be **DENIED** for the reasons set forth more fully below.

### BACKGROUND FACTS AND PROCEDURAL HISTORY

This matter arises out of alleged violations of the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA"). Plaintiff Kristie Bellow ("Bellow") was employed at the LSU Health Sciences Center in New Orleans. Bellow claims that she was illegally terminated her after she took self-help leave under FMLA § 2612(a)(1)(D). Bellow alleges that her supervisor, Dr. Kim Edward

---

[1] The oral argument set in this matter was cancelled by this Court's Order dated January 14, 2014. (Rec. Doc. 30)

1

LeBlanc ("Dr. LeBlanc"), personally authorized the eight-week leave; however, when Bellow returned to work on June 14, 2010, her parking card and her identification card were invalidated. Further, on June 18, 2010, Bellow alleges that she was informed that her last day of work would be on July 18, 2010. Bellow alleges that Dr. LeBlanc personally signed her termination letter.[2] Based on these allegations, Bellow filed this action in June 2012 against the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("the Board") and Dr. LeBlanc in his individual and official capacities. All Defendants in this matter have been and continue to be represented by the Attorney General for the State of Louisiana's office.

In October 2012, Defendants filed a Motion to Dismiss (Rec. Doc. 6) based on sovereign immunity and qualified immunity. This Court granted the motion in large part, but denied the motion to dismiss as it related to Bellow's FMLA claims against Dr. LeBlanc in his individual capacity. (Rec. Doc. 11) Following the Court's ruling, Defendants took an interlocutory appeal on the issue of whether Dr. LeBlanc is entitled to qualified immunity. (Rec. Doc. 14) The Fifth Circuit affirmed this Court's ruling, and later

---

[2] Bellow also alleged violations of the ADA, asserting that, after she developed a large tumor on her face, Defendants terminated her due to her actual or perceived disability. The ADA claims were dismissed by the Court's Order and Reasons dated December 21, 2012. (Rec. Doc. 11) The ADA claims against Dr. LeBlanc in his official capacity; however, were dismissed without prejudice and may have been remedied by Bellow's amended complaint. (Rec. Doc. 16)

denied Defendant's request for rehearing *en banc*. The Fifth Circuit's mandate was scheduled to issue on January 9, 2014; however prior to its issuance, Defendant filed a Motion for Stay of Mandate pending filing of a petition for writ of *certiorari* to the Supreme Court of the United States. Plaintiff opposed the Motion for Stay of Mandate on January 4, 2014, and the motion is currently pending resolution by the Fifth Circuit.

On December 23, 2013, Plaintiff filed the instant Motion to Disqualify the Attorney General, and Defendant opposed the motion.

## **PARTIES' ARGUMENTS**

Plaintiff's argument is fairly simple. She argues that, pursuant to American Bar Association ("ABA") Rule of Professional Conduct 1.7(b)(3), which prohibits a lawyer from having a concurrent conflict of interest with a client, the Attorney General should be disqualified from representing Dr. LeBlanc. Bellow contends that a conflict of interest exists because "Dr. Leblanc [sic] may, if found to be personally liable, request indemnification from the State of Louisiana." (Rec. Doc. 21-1, p. 3) Because indemnification is possible, Bellow contends that the Attorney General and Dr. LeBlanc's roles in this litigation would be compromised because the attorney may have to indemnify the client. Bellow hypothesizes, for example, that, if she were to make a good faith settlement offer to Dr. LeBlanc, the Attorney General would be forced to reconcile "his broader litigation strategy with

3

the interest of" Dr. LeBlanc in obtaining a settlement. (Rec. Doc. 21-1, p. 3)

Defendant opposes the motion on two grounds. First, he asserts that this Court lacks jurisdiction because the Fifth Circuit's issuance of its mandate is stayed pending the resolution of his Motion for Stay of Mandate pursuant to Federal Rule of Appellate Procedure 41. Additionally, Defendant contends that, even if this Court has jurisdiction, Bellow's conflict of interest argument is substantively meritless. Defendant points out that the situation at hand is no different than that which is encountered for any litigant that has ever had an indemnification and representation insurance policy or contract. Defendant further contends that the conflict of which Bellow complains is hypothetical and that such a conflict would only arise if "Dr. LeBlanc were to personally pay to settle with plaintiff because he thought the offer was reasonable, [...] the State of Louisiana refused to reimburse him for the settlement, [and...] Dr. LeBlanc sued the State for reimbursement." (Rec. Doc. 28, p. 3) Defendant points out that this has not happened, a settlement offer has never even been made, and that it is highly unlikely that this will ever be an issue.

## DISCUSSION

### A. Jurisdiction

It is generally true that, if the Fifth Circuit has not issued its mandate, then this Court lacks jurisdiction. Taylor v.

4

Sterrett, 640 F.2d 663, 667 (5th Cir. 1981). But, in this case, because the pending interlocutory appeal only concerns the narrow issue of whether Dr. LeBlanc is entitled to dismissal based on qualified immunity, our jurisdiction is only limited on that issue. Alice L. v. Dusek, 492 F.3d 563, 564 (5th Cir. 2007) ("A notice of appeal from an interlocutory order does not produce a complete divestiture of the district court's jurisdiction over the case; rather, it only divests the district court of jurisdiction over those aspects of the case on appeal.") Therefore, because the present motion does not concern qualified immunity, the Court's has jurisdiction despite the ongoing appeal.

### B. Conflict of Interest

As to the substance of Bellow's motion, her arguments fail. By citing to ABA Rule of Professional Conduct 1.7(b)(3), Bellow appears to claim that the Attorney General's representation of Dr. LeBlanc creates a non-waivable conflict of interest. However, Rule 1.7(b)(3) does not apply to this instance, but rather it applies to situations in which the same lawyer represents clients on opposing sides of a proceeding. Such is not the case here, and Bellow does not point the Court's attention to any other case in which a court ever disqualified an attorney general in this situation. Further, Defendant's opposition has merit. Attorney-client relationships wherein the entity providing representation to the client may also be the entity who will indemnify the client occur frequently.

Finally, this conflict is entirely hypothetical. For these reasons, the motions should be denied.

Accordingly,

Plaintiff's **Motion to Disqualify the Attorney General for the State of Louisiana (Rec. Doc. 21)** is **DENIED.**

New Orleans, Louisiana, this 15th day of January, 2014.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE