UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BELLOW                                          CIVIL ACTION

VERSUS                                          NO: 12-1529

BD. OF SUPERVISORS OF                           SECTION: "J" (3)
LOUISIANA STATE UNIV. AND
AGRICULTURAL MECHANICAL
COLLEGE, et al

## <u>ORDER & REASONS</u>

Before the Court is Kim Edward LeBlanc ("LeBlanc")'s Second Motion to Dismiss (Rec. Doc. 41), Plaintiff Kristie Bellow ("Bellow")'s opposition, LeBlanc's reply memorandum (Rec. Doc. 49), and Bellow's supplemental memorandum in response. (Rec. Doc. 52) The motion was set for hearing on May 7, 2014, on the briefs.[1] Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that the motion should be **DENIED** for the reasons set forth more fully below.

## <u>FACTS AND PROCEDURAL BACKGROUND</u>

This action arises out of various claims for monetary damages and equitable relief under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"), the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA") and the Louisiana Disability

---

[1] The Court allowed Plaintiff an extra ten days beyond the hearing date to file a supplemental memorandum; therefore, the Court took the matter under advisement on May 17, 2014.

Discrimination Act, La. R.S. § 23:322 *et seq* against LeBlanc in his individual and official capacities, and the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (the "Board"). In her complaint, Plaintiff alleges that she was employed at the LSU Health Sciences Center ("Health Sciences Center") from August 4, 2008 until July 18, 2010. (Rec. Doc. 1, p. 1, ¶ 1.) Plaintiff further avers that Leblanc was an employee of the Health Sciences Center, and that, at all times pertinent to the complaint, he was also her supervisor. Plaintiff asserts that in April 2010 she was diagnosed with a facial tumor which required surgical removal. Plaintiff reports that, thereafter, she completed the required Family and Medical Leave Act ("FMLA") paperwork and took approximately eight weeks of leave to have the tumor removed. Plaintiff alleges that when she returned to work on June 14, 2010, she found that her parking card and identification pass would not work. Furthermore, Plaintiff alleges that three days later, on June 18, 2010, she was informed that her last day would be July 18, 2010. Plaintiff contends that she was terminated, in part, for taking FMLA leave and that Mr. Leblanc "personally signed [her] separation letter and personally made the decision to terminate her." (Rec. Doc. 1, p. 2, ¶ 6) In addition, Plaintiff asserts that the Health Sciences Center took action against her in violation of her rights under the FMLA and "because of her perceived or actual disability, or because of the reaction

2

of others to her condition," in violation of the American with
Disabilities Act ("ADA") and Louisiana Revised Statute § 23:322.
Plaintiff seeks monetary damages as well as reinstatement, "[a]ll
equitable relief deemed just and proper by this Court," and "[a]ll
other statutory remedies available." Compl., Rec. Doc. 1, p. 4, ¶
6.

Following a motion to dismiss the original complaint, the
Court dismissed: (1) all claims against the Board with prejudice on
the grounds of sovereign immunity; (2) all state law claims against
LeBlanc in both his individual and official capacity; (3) all ADA
claims against  LeBlanc in his individual capacity based on the
grounds that LeBlanc is not an "employer" under the ADA; and (4)
all ADA and FMLA claims against LeBlanc in his official capacity
without prejudice, but with leave to amend, based on the grounds
that Plaintiff failed to include official capacity claims in her
pleading. (Rec. Doc. 11) The Court denied the motion inasmuch as it
sought to dismiss Plaintiff's FMLA claim against LeBlanc in his
individual capacity finding that LeBlanc is not protected by
qualified immunity. (Rec. Doc. 11) Therefore, assuming proper
amendment of the Complaint, the only claims that will be permitted
are: (1) an FMLA claim against  LeBlanc in his individual capacity;
(2) and ADA claim against  LeBlanc in his official capacity; and
(3) an FMLA claim against  LeBlanc in his official capacity.

Defendants filed an interlocutory appeal of this order, and

the Fifth Circuit affirmed. (Rec. Doc. 25) Defendants then filed a petition for rehearing en banc, which was denied; however, with the denial, the Fifth Circuit withdrew its former opinion and substituted it with a different opinion. (Rec. Doc. 33) Finally, Defendants filed a writ of *certiorari* with the United States Supreme Court, and it was recently denied. (Rec. Doc. 51)

During the pendency of the appeal, Plaintiff filed an amended complaint wherein she asserts claims for monetary damages and equitable relief under FMLA against the Board and LeBlanc in his individual and official capacities as well as claims under the ADA and the Louisiana Disability Discrimination Act against the Board alone.[2] (Rec. Doc. 16)  LeBlanc has now filed the instant motion to dismiss Plaintiff's FMLA claims against him in both his official and individual capacities.

## **LEGAL STANDARD**

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is

---

[2] In her amended complaint, Plaintiff re-alleges claims that were dismissed with prejudice by this Court. Specifically, Plaintiff attempts to include her claims against the Board, which she has previously conceded are barred by sovereign immunity. (Rec. Doc. 11, p. 13) Those claims will be dismissed. Therefore, the only remaining claims are the FMLA claims against LeBlanc in his official and individual capacities.  Though the Court granted leave to amend an ADA claim against  LeBlanc in his official capacity, Plaintiff did not include such a claim in her amended complaint.

and the grounds upon which it rests." *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005). The allegations "must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S.

## PARTIES' ARGUMENTS & DISCUSSION

### A. Official Capacity Claim

This Court previously found that Plaintiff had not adequately pled her official capacity claim against LeBlanc and granted her leave to amend the complaint. Plaintiff subsequently added an official capacity claim against LeBlanc, which he now seeks to dismiss based on the argument that the *Ex parte Young* doctrine does not apply to federal statutes that do not abrogate the state's

sovereign immunity. LeBlanc concedes that this proposition is not only unsupported by caselaw, but is actually contradicted by *Nelson v. Univ. of Texas at Dallas*, 535 F.3d 318 (5th Cir. 2008) and *Diaz v. Mich. Dept. or Corrections*, 703 F.3d 956 (6th Cir.). LeBlanc attempts to generically distinguish these cases, noting that they do not present the same issues that will be determined today.

In *Nelson*, the Fifth Circuit determined *exactly* this issue, and made it clear that, when suing under the self-care provision of the FMLA, "a request for reinstatement is sufficient to bring a case within the *Ex parte Young* exception to Eleventh Amendment immunity, as it is a claim for prospective relief designed to end a continuing violation of federal law." *Nelson*, 535 F.3d. at 324. As LeBlanc has failed to cite to any authority to contradict this well-settled law, the Court finds that, inasmuch as Plaintiff seeks prospective relief, such as reinstatement, her claims must be allowed to proceed.[3]

## B. Individual Capacity Claims

This Court previously held that Plaintiff's individual capacity claims against LeBlanc should not be dismissed on the

---

[3] The Court recognizes that Plaintiff also seeks monetary relief in the form of general damages, liquidated and punitive damages, and loss of income and/or earnings potential. (Rec. Doc. 16, p. 4, ¶ 13) Because she lists damages generally in her complaint, without tying certain forms of relief to specific claims, it is unclear whether Plaintiff seeks such monetary relief in connection with the FMLA official capacity claims. Therefore, out of an abundance of caution, the Court notes that Plaintiff will not be entitled to monetary relief in connection with her FMLA claim against LeBlanc in his official capacity. *See Nelson*, 535 F.3d at 321, 324.

grounds of qualified immunity, and the Fifth Circuit subsequently affirmed that decision. (Rec. Docs. 25, 33) In the Fifth Circuit's opinion, the court stated that "[t]o the extent that LeBlanc contends Louisiana is the real party in interest and that he benefits from the State's sovereign immunity, that issue was not addressed by the district court. Consequently, we leave this Eleventh Amendment question for the district court to answer first after sufficient briefing."(Rec. Doc. 33, p. 6) Following the direction of the Fifth Circuit, LeBlanc filed the instant motion which seeks to determine whether the State is the real party in interest and whether LeBlanc benefits from State's sovereign immunity.

LeBlanc argues that the State is the real party in interest in this case, and that, therefore, sovereign immunity will bar Plaintiff's individual claims against him.[4] LeBlanc posits that any judgment that Plaintiff receives "would expend itself on the public treasury or domain, or interefere with public administration" or that it would "restrain the Government from acting or compel it to act." Rec. Doc. 41-2 p. 4 *citing Dugan v. Rank*, 372 U.S. 609, 620 (1986). LeBlanc contends that Plaintiff is only seeking to force

---

[4] As the Fifth Circuit noted, the qualified immunity and sovereign immunity issues in this matter are being considered in reverse order. Normally, one would expect to determine the sovereign immunity issue first, and then once it is determined that there is no sovereign immunity, the Court would move on to determine whether the individual is entitled to qualified immunity. In this case, the issue of qualified immunity has already been decided, and now the defendant asks the Court to backtrack and determine if the individual capacity lawsuit is even proper in the first place.

the State to provide self-care leave employment, and that such a remedy is improper, regardless of the nominal defendant. Further, he argues that, like in *Luder v. Endicott*, 253 F.3d 1020 (7th Cir. 2001), such a judgment against him in his individual capacity will only force the State to indemnify him using funds from the public fisc and cause the risk of losing state employees who fear individual liability under the FMLA.

Plaintiff avers that because she alleges direct and personal involvement by LeBlanc, it is clear that he is not just a nominal party used to circumvent the State's sovereign immunity. Plaintiff highlights that she has alleged specific facts that LeBlanc "departed from his own employer's policies and the FMLA when he terminated her without following the discipline procedure and in retaliation to Bellow's usage of FMLA leave." Therefore, as was the case in *Modica v. Taylor*, 465 F.3d 174 (5th Cir. 2006) Plaintiff argues that an individual claim against LeBlanc is proper.

The Fifth Circuit recently laid out the analysis for determining whether an individual capacity suit should be barred under the Eleventh Amendment:

> An action by a citizen against a state official in his *official capacity* is an action against the State, and is barred by the Eleventh Amendment, subject only to the limited exception permitted by *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) (action seeking prospective injunctive relief against state officer permissible against ongoing constitutional violation). *Ford Motor Co. v. Dep't of Treas. of State of Ind.,* 323 U.S. 459, 463, 65 S.Ct. 347, 89 L.Ed. 389 (1945) *overruled on other grounds by Lapides v. Bd. of Regents*

*of Univ. Sys. of Ga.,* 535 U.S. 613, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002). But, an action against a state official in his individual capacity may not in all instances implicate the Eleventh Amendment. *Hudson v. City of New Orleans,* 174 F.3d 677, 687 n. 7 (5th Cir.1999).

For example, if the State will indemnify an official sued in his individual capacity, that alone does not extend Eleventh Amendment immunity to that official. *Id.* On the other hand, although the Eleventh Amendment does not preclude monetary relief for past harms when the state official is sued in his individual capacity and will be personally liable for the judgment, *Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991); *306 *Kentucky v. Graham,* 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985), "when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants", *Ford Motor Co.,* 323 U.S. at 464, 65 S.Ct. 347. *See also Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 101 n. 11, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) (State is party in interest if "judgment sought would expend itself on the public treasury ... or [ ] compel [the State] to act") (internal citation and quotation marks omitted).

*Henley v. Simpson*, 527 F. App'x 303, 305-06 (5th Cir. 2013) The determination of whether the State is a real party in interest entails a fact-intensive analysis. *Luder*, 253 F.3d at 1023.

In *Modica*, the Fifth Circuit held that the Eleventh Amendment did not bar an individual capacity claim against a state employee's supervisor when it was alleged that the supervisor terminated her after she took medical leave following a knee injury. *Modica*, 465 F.3d at 178, 184.  In contrast, the Seventh Circuit in *Luder* held that the State was a real party in interest where a group of state employees filed suit against its supervisors for failure to pay

overtime in violation of the FLSA. *Luder*, 253 F.3d at 1024. Most recently, in *Henley*, the Fifth Circuit held the same in accordance with *Luder*. *Henley*, 527 Fed. Appx. at 307. What is most relevant about *Henley*, however, is not the holding, but rather the comparison of *Modica* and *Luder* and the differences that are pointed out between the two. For example, *Henley* points out that *Luder*'s plaintiffs sought relief based on the contention that the policy enacted by their supervisors was in violation of the FLSA, and not based on a theory that the supervisors were disregarding the State's lawful policy. *Id.* at 306; *Luder*, 253 F.3d at 1023-24. Therefore, the plaintiffs were essentially disagreeing with the State's interpretation of the FLSA. *Luder*, 253 F.3d at 1023-24. The supervisors being sued in *Luder* and in *Henley* had no control over the creation of the policies, thus suing them individually for unlawful policies was not logical and was a thinly veiled attempt at an end-run around sovereign immunity. *Henley,* 527 Fed.Appx at 307 (a State will often be a real party in interest when the plaintiff seeks wages in that plaintiff only wishes to force the state to "accede to their view [...] and pay them accordingly."). To the contrary, "*Modica*'s plaintiff sought a remedy for a retaliatory act inflicted upon her by defendant in contravention of [...] FMLA." *Henley*, 527 Fed. Appx. at 307. Finally, both *Henley* and *Luder* point out that while a State's voluntary decision to indemnify an official is not automatic grounds to apply the

10

Eleventh Amendment, such a consideration is relevant where the indemnity is inescapable. *Id*.

Here, the Court finds that the instant action is much closer to *Modica* than it is to *Henley* or *Luder*. While the allegations of direct wrongdoing are not as clear-cut as those in *Modica*, Plaintiff does nonetheless allege that LeBlanc himself made the unilateral decision to terminate her because he was unhappy with her decision to take medical leave. Plaintiff does not appear to allege that Board's policies were in violation of FMLA, as is evidenced by the fact that she initially went through the paperwork for FMLA leave without incident, rather she appears to argue that LeBlanc himself violated the lawful policies of the Board. Further, this is not a situation where indemnifying LeBlanc is "inescapable" as it was in *Luder*.  In *Luder*, four prison employees would have been forced to personally fund back pay for 145 plaintiffs at the risk of being sued a second time. *Luder*, 253 F.3d at 1024.  Here, LeBlanc is a professional and the Dean of a medical school, and he must only (potentially) satisfy a judgment for a single plaintiff. That exposure is no greater than any other lawsuit filed on any given day, thus indemnity cannot be said to be "inescapable." *See id.* at 1023 (stating that the Eleventh Amendment does not protect the states against every expense, especially those that could be avoided by "being hardhearted about claims against its employees (i.e., not pay them!).") Therefore, the Court finds that the State

is not the real party in interest in this matter, thus Plaintiff's individual capacity FMLA claim is not barred by the Eleventh Amendment.

Accordingly,

**IT IS ORDERED** that Defendant Kim Edward LeBlanc's **Second Motion to Dismiss (Rec. Doc. 41) is DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's claims against the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and the Louisiana Disability Discrimination Act, La. R.S. § 23:322 *et seq.* are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 27th day of May, 2014.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

12